IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

ANTHONY FARRER,

      PLAINTIFF                     07 Civ 9305 (DC)(KF)
      vs                           COMPLAINT [JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES", all of the
identified and non identified
persons in their individual and
in their official capacities,
NEW YORK CITY POLICE OFFICER
MICHAEL SALCIONE, in his individual
and his official capacities,

      DEFENDANTS
_____

## I.  INTRODUCTION

1.  This litigation arises out of the Plaintiff's stop and detention and arrest on July 7, 2007 at or about 12:15 A.M. in the vicinity of 183rd Street and Andrews Avenue, Bronx, New York and the subsequent custodial detention until he was released from the 52nd Precinct on Webster Avenue, Bronx, New York with a Summons returnable in Court on September 18, 2007 when the Plaintiff appeared and was informed that the Summons had not been filed and there was no case.

2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff

secures full and complete relief and justice for the
violation of his rights.

## II. JURISDICTION

4.   Jurisdiction of this Court is invoked pursuant to
and under 28 U.S.C. Sections 1331 and 1343 and 1367 in
conjunction with the Civil Rights Act of 1871, 42 U.S.C.
Section 1983, and the First, Fourth, and Fourteenth
Amendments to the United States Constitution and the laws
and Constitution of the State of New York.

5.   The facts which give rise to the State law claims,
has a common nucleus with the facts which give rise the
federal law claims. The federal and the pendent State law
claims arise out of the same transaction.

6.   The Plaintiff also invokes the jurisdiction of
this Court in conjunction with the Declaratory Judgment
Act, 28 U.S.C. Sections 2201, et seq., this being an action
in which the Plaintiff seeks, in addition to monetary
damages, whatever other relief is needed to provide full
and complete justice including, if appropriate, declaratory
and injunctive relief.

7.   This is an action in which the Plaintiff seeks
relief for the violation of his rights as guaranteed under
the laws and Constitution of the United States and, as
well, as guaranteed under the laws and Constitution of the
State of New York.

## III. THE PARTIES

8.   The Plaintiff is an African American citizen and
resident of the State of New York, the City of New York,
the County of the Bronx.

9.   The Defendant City of New York is a municipal
entity which was created under the authority of the laws
and Constitution of the State of New York and which is
authorized with, among other powers, the power to maintain
a police department for the purpose of protecting the
welfare of those who reside in the City of New York.

10. Defendants "John Does" and Michael Salcione are New
York City Police Officers and agents and employees of the
City of New York.  Although their actions and conduct

herein described were unlawful and wrongful and otherwise
violative of the Plaintiff's rights as guaranteed under the
laws and Constitution of the United States and of the State
of New York, they were taken in and during the course of
their duties and functions as New York City Police Officers
and as agents and employees of the City of New York and
incidental to the otherwise lawful performance of their
duties and functions as New York City Police Officers and
agents and employees of the City of New York.

## IV. ALLEGATIONS

11. This litigation arises out of the Plaintiff's
arrest on Saturday morning July 7, 2007 at or about 12:15
A.M. in the vicinity of 183rd Street and Andrews Avenue,
Bronx, New York.

12. The Plaintiff, who is an African American citizen
and resident of the City of New York, County of the Bronx,
State of New York, is forty three [43] years of age.

13. The Plaintiff's birth date is December 31, 1963.

14. The Plaintiff is single.

15. The Plaintiff resides at 264 Echo Place, Apt., #
5A, Bronx, New York 10457.

16. The Plaintiff resides at the afore-described
address, alone.

17. At present the Plaintiff is employed by the City
of New York as a housing inspector in its Housing,
Preservation and Development [HPD] agency.

18. The Plaintiff has been employed in HPD since
January 16, 2007. The Plaintiff is a quality assurance
inspector for Section 8 Housing.

19. The Plaintiff is a skilled electrician by trade.

20. The incident which gives rise to this incident
commenced on July 7, 2007 when the Plaintiff was falsely
detained, without any basis for such, and then falsely
arrested, without probable cause, and, then, maliciously
issued a Summons and released from the 52nd Precinct, to
which he had been transported, and directed, per the

3

Summons, to appear in Court which he did on September 18, 2007 when and where the Plaintiff was informed that the Summons had not been filed and there was no case involving the Plaintiff.

21.  The Plaintiff is a member of the Great Redeemer Church of which Zavette Smallwood is the presiding Pastor.

22.  The Plaintiff is also a deacon in his church.

23.  The Plaintiff's church regularly meets at a facility on 168th Street and Washington Avenue, Bronx, New York.

24.  Members of the church, including the Plaintiff, regularly accompany Pastor Smallwood at services which she conducts at other locations.

25.  On July 6, 2007 the Plaintiff and other members of the church accompanied Pastor Smallwood to a service at church in Harlem, New York City, New York.

26.  At the conclusion of the service, the Plaintiff, utilizing the church van, drove several persons who had attended the service to their respective residences.

27.  Having completed the transport of the individuals, the Plaintiff was proceeding to his residence when he noticed an unmarked vehicle in the middle of the intersection at 183rd Street and Andrews Avenue in the Bronx; and the Plaintiff stopped the vehicle he was driving.

28.  The Plaintiff waited for some period and, when nothing seemed to be occurring, the Plaintiff honked his horn so as to be able to move.

29.  As it turned out, the individuals in the vehicle were plain clothes New York City police officers.

30.  Two of the officers were white individuals, one was an African American individual, and the fourth Officer appeared to be of Hispanic national origin. They were all males.

31.  The Plaintiff called out and asked if he could get by.  One of the white officers shouted, in substance, "no,

sit there and shut the f--- up". The Plaintiff, in turn, told the Officer, in substance, what that was all about that there was no need for such a derogatory response.

32.   The two white officers exited their vehicle and came toward the Plaintiff's vehicle.  One of the white officers approached the Plaintiff's vehicle and directed the Plaintiff to shut off his engine and give his license and registration to the Officer. The other white officer stood somewhat back from the white officer who approached the Plaintiff's vehicle and asked the Plaintiff for his license.

33.   The African American officer and the Hispanic Officer went to the sidewalk when they exited the vehicle. Their vehicle was left in the middle of the street.

34.   The Officer took the Plaintiff's license and registration and returned to the vehicle from which the Officer had exited. The other officers were all then on the sidewalk and one of the officers, the other white Officer who had been standing behind the white Officer who took the Plaintiff's license and registration, stated that the Plaintiff must be stupid or ignorant to have blown his horn.  The Plaintiff indicated to the officers that, like them, he worked for the City.

35.   The Plaintiff was asked by the other white officer, who had been standing behind the officer who had taken the Plaintiff's license, for which agency the Plaintiff worked and he informed the Officers that he worked for HPD.

36.   When he stated such, the white officer said, in substance, that he was aware of that agency, that it was the Department of "Housing Perverts". That officer was the white officer who was standing behind the officer who had secured the Plaintiff's license.

37.   The Plaintiff, then, raised his window and endeavored, by his cell telephone and unsuccessfully, to reach the last person whom he had just dropped off after the Church services because she was a civilian employee of in the New York City Police Department.

38.   Shortly thereafter, the Officer, who had taken the Plaintiff's license and registration, returned to the

Plaintiff's vehicle, directed the Plaintiff to hang up the
cell phone, and indicated that he was going to be arrested
because there was an outstanding warrant, and to get out of
the vehicle.

39.  The Plaintiff complied with the Officer's
direction.

40.  The Plaintiff was rear handcuffed, tightly, by the
white Officer.

41.  When the Plaintiff indicated that he was being too
tightly handcuffed, the officer said, in substance, that he
was not squeezing the handcuffs, this is squeezing the
cuffs.

42.  A marked police vehicle was called to the scene
and the Plaintiff was placed in the vehicle and transported
to the 52nd Precinct on Webster Avenue in the Bronx.

43.  When the Plaintiff was escorted into the Precinct,
he was lifted in a manner and fashion which caused him to
be walking on his toes [as his arms were lifted high, in
the rear handcuffed position].  Such intensified the pain
which was being inflicted on the Plaintiff because of the
tight handcuffing as previously described. When the
Plaintiff complained to the escorting Officer about such,
the Officer told him to shut the "f--- up, before I knocked
your mother f------ ass" but that the Plaintiff was too
little for him so just shut the f--- up."

44.  At the Precinct, the Plaintiff complained to the
Desk Officer about his treatment but to no avail. The
Plaintiff was taken to a holding cell where the Plaintiff
was informed by the white Officer, who had previously
referred to HPD in a derogatory manner and fashion, that
there was no outstanding warrant but that he would be
issued a Summons.  When the Plaintiff asked why he was
receiving a Summons, the Officer replied: "For being a
jerk".

45.  When the Plaintiff received the Summons, the
Officer indicated to him that it was a "bull shit" Summons.

46.  The Plaintiff was given the Summons in which he
was charged with Disorderly conduct for blocking traffic
although the Plaintiff was not, in the least bit,

disorderly under any definition of the Penal Law and
although it was the police who had blocked the Plaintiff
from proceeding in his vehicle by their blocking of the
roadway where the Plaintiff was compelled to stop and wait.

47.   The Plaintiff was released from the Precinct on
Saturday morning, July 7, 2007 perhaps at or about 1:00
A.M. Thereafter, on Saturday evening, July 7, 2007, the
Plaintiff filed a Complaint with the Civilian Complaint
Review Board about the officers' conduct as described.

48.   On Tuesday or thereabouts and because the
Plaintiff was feeling numbness in his hand/fingers, the
Plaintiff went to Bronx Lebanon Hospital for treatment.

49.   Subsequently, the Plaintiff went to his own
physician to have his wrist and hand checked out because of
the continued numbness.

50.   The Plaintiff appeared in Court on September 18,
2007 per the Summons which he was issued.

51.   At that time, the Plaintiff was informed that no
Summons had been filed with the Court and the Plaintiff was
given a document indicating that there was no case.

52.   The Plaintiff committed no criminal offense or
other offense whatsoever and no reasonable police officer
could have believed that the Plaintiff committed any
criminal offense or any other offense under and of the law
to justify his arrest, the preferral of charges against
him, and his prosecution.

53.   There was no basis for the stop and detention and
eventual custodial arrest of the Plaintiff by the New York
City Police Officers, each of whom is an agent and employee
of the City of New York.

54.   While the actions and conduct of the New York City
Police Officers were unlawful they were taken in the course
of their duties and functions and incidental to the
otherwise lawful performance of those duties and functions
as New York City Police Officers and as agents and
employees of the City of New York. Among the Officers
involved in the Plaintiff's arrest was Defendant Officer
Michael Salcione. It is believed that he is the Officer

who, among other things, issued and signed the Summons
which was given to the Plaintiff.

55.   There was no probable cause for the arrest of the
Plaintiff or for the preferral of charges against the
Plaintiff or for the prosecution of the Plaintiff.

56.   The Plaintiff was falsely arrested and was
subjected to malicious prosecution, the malicious issuance
of a Summons, and malicious abuse of criminal process and
to excessive, unreasonable and unnecessary force in the
form of his handcuffing and to retaliation because of the
Plaintiff's exercise of his First Amendment right to
express, in a reasonable manner and fashion, displeasure at
the lack of courtesy, professionalism and respect [CPR] by
the New York City Police Officers from whom he had inquired
as to whether he could go by their vehicle [after being
foreclosed from doing such by the police vehicle's blockage
of the intersection].

57.   The actions and conduct herein described were
propelled by the crime offense enforcement initiatives of
the City of New York which is grounded in the philosophy of
the "ends justifies the means".

58.   Such crime offense enforcement initiative propels
officers to make arrests where there is no probable cause
for such and no basis for the stop and detention of
individuals and, by such, to generate arrest statistics and
to otherwise make examples of individuals in the hope that
such would depress crime offenses and other crime offenses.

59.   The policy and practices have a disproportionate
impact on African Americans who, because of their race,
are, often times and for no other reason but the race
factor singled out for stops, detentions and arrests and
derogatory treatment, based on racial considerations and
bias, and discriminatory treatment based on racial factors
bias.

60.   The Plaintiff was unlawfully stopped and detained,
falsely arrested, and subjected to racially discriminatory
conduct and subjected to the malicious abuse of criminal
process and excessive and unreasonable and unnecessary
force [in the form of handcuffing] and to retaliation for
the exercise of his First Amendment right to voice, in a
courteous, professional, and respectful manner and fashion,

displeasure at the conduct of New York City Police
Officers.

61.   The actions, conduct, policies and practices and
customs herein described violated the Plaintiff's rights as
guaranteed under the First, Fourth and Fourteenth
Amendments to the United States Constitution and the Civil
Rights Act of 1871, 42 U.S.C. Section 1983.

62.   The actions, conduct, policies and practices, and
customs violated the Plaintiff's rights under the laws and
Constitution of the State of New York including an
unlaw3ful stop and detention, false arrest and
imprisonment, malicious abuse of criminal process, and
assault and battery [in the form of the handcuffing and the
physical actions associated with the taking of the
Plaintiff into custody], racial discrimination, and
retaliation.

63.   The actions, conduct, policies and practices and
customs were negligent and otherwise the proximate cause of
the injuries and damages suffered by the Plaintiff.

64.   The Plaintiff suffered injuries and damages
including loss of liberty, fear, anxiety, mental distress,
emotional anguish, and psychological trauma and physical
pain and suffering.

65.   The Plaintiff has not yet placed a monetary value
on the damages which he incurred although he believes them
to be substantial and to include compensatory and punitive
damages.

66.   The Plaintiff has no other viable remedy at law
but for the institution of this litigation in order to
secure full and complete redress, vindication, and justice.

V.   CAUSES OF ACTION

A.   FIRST CAUSE OF ACTION

67.   The Plaintiff reiterates Paragraph #'s 1 through
66 and incorporates such by reference herein.

68.   The Plaintiff was unlawfully stopped and detained
and subsequently falsely arrested and falsely imprisoned
and detained in violation of his rights as guaranteed under

the Fourth Amendment to the United States Constitution and
the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

69.  The Plaintiff suffered injuries and damages.

### B.  SECOND CAUSE OF ACTION

70.  The Plaintiff reiterates Paragraph #'s 1 through
69 and incorporates such by reference herein.

71.  The Plaintiff was unlawfully stopped and detained
and subsequently falsely arrested and falsely imprisoned
and excessively detained in violation of his rights as
guaranteed under the laws and Constitution of the State of
New York.

72.  The Plaintiff suffered injuries and damages.

### C.  THIRD CAUSE OF ACTION

73.  The Plaintiff reiterates Paragraph #'s 1 through
72 and incorporates such by reference herein.

74.  The Plaintiff was subjected to racially
discriminatory treatment in violation of his rights as
guaranteed under the Fourteenth Amendment to the United
States Constitution and the Civil Rights Act of 1871, 42
U.S.C. Section 1983.

75.  The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

76.  The Plaintiff reiterates Paragraph #'s 1 through
75 and incorporates such by reference herein.

77.  The Plaintiff was subjected to racially
discriminatory treatment in violation of his rights as
guaranteed under the laws and Constitution of the State of
New York.

78.  The Plaintiff suffered injuries and damages.

### E.  FIFTH CAUSE OF ACTION

79.  The Plaintiff reiterates Paragraph #'s 1 through
78 and incorporates such by reference herein.

80.   The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the, First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

81.   The Plaintiff suffered injuries and damages.

F.   SIXTH CAUSE OF ACTION

82.   The Plaintiff reiterates Paragraph #'s 1 through 81 and incorporates such by reference herein.

83.   The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

84.   The Plaintiff suffered injuries and damages.

G.   SEVENTH CAUSE OF ACTION

85.   The Plaintiff reiterates Paragraph #'s 1 through 84 and incorporates such by reference herein.

86.   Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

87.   The Plaintiff suffered injuries and damages.

H.   EIGHTH CAUSE OF ACTION

88.   The Plaintiff reiterates Paragraph #'s 1 through 87 and incorporates such by reference herein.

89.   The Plaintiff was subjected the treatment described because of his reasonable exercise of his First Amendment right to state to an Officer, in a reasonable manner and fashion, that, in substance, they were not acting in accordance with the policy of the City of New York that Officers are to treat all people in a courteous,

professional and respectful [CPR] manner and fashion. Such violated the Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

90.  The Plaintiff suffered injuries and damages.


I.   NINTH CAUSE OF ACTION

91.  The Plaintiff reiterates Paragraph #'s 1 through 90 and incorporates such by reference herein.

92.  The Plaintiff was subjected to the conduct as described and as a consequence of his reasonable voicing of displeasure of the Officers' conduct in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

93.  The Plaintiff suffered injuries and damages.

J.   TENTH CAUSE OF ACTION

94.  The Plaintiff reiterates Paragraph #'s 1 through 93 and incorporates such by reference herein.

95.  The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

96.  The Plaintiff suffered injuries and damages.

K.   ELEVENTH CAUSE OF ACTION

97.  The Plaintiff reiterates Paragraph #'s 1 through 96 and incorporates such by reference herein.

98.  The Plaintiff was subjected to an assault and battery by the way of his physically being taken into custody and by his handcuffing in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

99.  The Plaintiff suffered injuries and damages.

### L.   TWELFTH CAUSE OF ACTION

100.  The Plaintiff reiterates Paragraph #'s 1 through 99 and incorporates such by reference herein.

101.  The Plaintiff was subjected to malicious abuse of criminal process in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

102.  The Plaintiff suffered injuries and damages.

### M.   THIRTEENTH CAUSE OF ACTION

103.  The Plaintiff reiterates Paragraph #'s 1 through 102 and incorporates such by reference herein.

104.  The Plaintiff was subjected to malicious abuse of criminal process in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

105.  The Plaintiff suffered injuries and damages.

### N.   FOURTEENTH CAUSE OF ACTION

106.  The Plaintiff reiterates Paragraph #'s 1 through 105 and incorporates such by reference herein.

107.  The Defendant City of New York, if the City represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

108.  The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

109.  Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

110.  The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of respondeat superior.

111.  The Plaintiff suffered injuries and damages.


WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

        [a] Invoke pendent party and pendent claim jurisdiction.

        [b] Award appropriate compensatory and punitive damages.

        [c] Award appropriate declaratory and injunctive relief.

        [d] Empanel a jury.

        [e] Award attorney's fees and costs.

        [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
        October 17, 2007

                        Respectfully submitted,

                        /s/ James I. Meyerson_____
                        JAMES I. MEYERSON [JM 4304]
                        64 Fulton Street @ Suite # 502
                        New York, New York 10013
                        [212] 226-3310
                        [212] 513-1006/FAX
                        ATTORNEY FOR PLAINTIFF
                        BY:_____