

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

BAREE N. FETT
Assistant Corporation Counsel
Phone: (212) 788-8343
Fax: (212) 788-9776
bfett@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/07

November 1, 2007

**BY FAX**
Honorable Denny Chin
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1020
New York, New York 10007

      Re:  Anthony Farrer v. City of New York, et al.
           07 CV 9305 (DC)(KNF)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in this matter. I write to respectfully request an enlargement of time from November 7, 2007, until January 7, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel consents to this application.

      In the complaint, plaintiff alleges, *inter alia*, that on July 7, 2007, he was falsely arrested and subjected to excessive force by officers of the New York City Police Department.

      There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a release for his medical records. In addition, in the complaint, plaintiff alleges that the court informed him that there was no criminal action pending against him arising from this incident. However, to the extent plaintiff was arrested and processed, all police records prepared as a result of this arrest would be sealed. Thus, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, are sealed. Defendant cannot obtain these records

*Approved. FINAL.*
*SO ORDERED.* [signature]
                  USDJ  11/5/07

without the designation and the medical release, and without the records, defendant cannot properly assess this case or respond to the complaint.

Second, on October 29, 2007, defendant received a faxed copy of an Affidavit of Service indicating that service was purportedly effected upon Michael Salcione. The extension should allow time for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to January 7, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Baree N. Fett (BF9416)
Assistant Corporation Counsel

cc: James I. Meyerson, Esq. (by Fax)

2