IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

ANDRE FARRER,

    PLAINTIFF                      07 Civ 9305 (DC)(KNF)
    vs                              FIRST AMENDED COMPLAINT
                                     [AS OF RIGHT]/JURY TRIAL

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES", all of the
identified and non identified
persons in their individual and
in their official capacities,
NEW YORK CITY POLICE OFFICER
MICHAEL SALCIONE, in his individual
and his official capacities,

    DEFENDANTS
_____

## I.   INTRODUCTION

    1.  This litigation arises out of the Plaintiff's stop and detention and arrest on July 7, 2007 at or about 12:15 A.M. in the vicinity of 183rd Street and Andrews Avenue, Bronx, New York and the subsequent custodial detention until he was released from the 52nd Precinct on Webster Avenue, Bronx, New York with a Summons returnable in Court on September 18, 2007 when the Plaintiff appeared and was informed that the Summons had not been filed and there was no case.

    2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

    3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff

secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5.  The facts which give rise to the State law claims, has a common nucleus with the facts which give rise the federal law claims. The federal and the pendent State law claims arise out of the same transaction.

6.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

## III. THE PARTIES

8.  The Plaintiff is an African American citizen and resident of the State of New York, the City of New York, the County of the Bronx.

9.  The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

10. Defendants "John Does" and Michael Salcione are New York City Police Officers and agents and employees of the City of New York.  Although their actions and conduct

herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

## IV. ALLEGATIONS

11.   This litigation arises out of the Plaintiff's arrest on Saturday morning July 7, 2007 at or about 12:15 A.M. in the vicinity of 183rd Street and Andrews Avenue, Bronx, New York.

12.   The Plaintiff, who is an African American citizen and resident of the City of New York, County of the Bronx, State of New York, is forty three [43] years of age.

13.   The Plaintiff's birth date is December 31, 1963.

14.   The Plaintiff is single.

15.   The Plaintiff resides at 264 Echo Place, Apt., # 5A, Bronx, New York 10457.

16.   The Plaintiff resides at the afore-described address, alone.

17.   At present the Plaintiff is employed by the City of New York as a housing inspector in its Housing, Preservation and Development [HPD] agency.

18.   The Plaintiff has been employed in HPD since January 16, 2007. The Plaintiff is a quality assurance inspector for Section 8 Housing.

19.   The Plaintiff is a skilled electrician by trade.

20.   The incident which gives rise to this incident commenced on July 7, 2007 when the Plaintiff was falsely detained, without any basis for such, and then falsely arrested, without probable cause, and, then, maliciously issued a Summons and released from the 52nd Precinct, to which he had been transported, and directed, per the

Summons, to appear in Court which he did on September 18, 2007 when and where the Plaintiff was informed that the Summons had not been filed and there was no case involving the Plaintiff.

21. The Plaintiff is a member of the Great Redeemer Church of which Zavette Smallwood is the presiding Pastor.

22. The Plaintiff is also a deacon in his church.

23. The Plaintiff's church regularly meets at a facility on 168th Street and Washington Avenue, Bronx, New York.

24. Members of the church, including the Plaintiff, regularly accompany Pastor Smallwood at services which she conducts at other locations.

25. On July 6, 2007 the Plaintiff and other members of the church accompanied Pastor Smallwood to a service at church in Harlem, New York City, New York.

26. At the conclusion of the service, the Plaintiff, utilizing the church van, drove several persons who had attended the service to their respective residences.

27. Having completed the transport of the individuals, the Plaintiff was proceeding to his residence when he noticed an unmarked vehicle in the middle of the intersection at 183rd Street and Andrews Avenue in the Bronx; and the Plaintiff stopped the vehicle he was driving.

28. The Plaintiff waited for some period and, when nothing seemed to be occurring, the Plaintiff honked his horn so as to be able to move.

29. As it turned out, the individuals in the vehicle were plain clothes New York City police officers.

30. Two of the officers were white individuals, one was an African American individual, and the fourth Officer appeared to be of Hispanic national origin. They were all males.

31. The Plaintiff called out and asked if he could get by. One of the white officers shouted, in substance, "no,

sit there and shut the f--- up". The Plaintiff, in turn, told the Officer, in substance, what that was all about that there was no need for such a derogatory response.

32. The two white officers exited their vehicle and came toward the Plaintiff's vehicle.  One of the white officers approached the Plaintiff's vehicle and directed the Plaintiff to shut off his engine and give his license and registration to the Officer. The other white officer stood somewhat back from the white officer who approached the Plaintiff's vehicle and asked the Plaintiff for his license.

33. The African American officer and the Hispanic Officer went to the sidewalk when they exited the vehicle. Their vehicle was left in the middle of the street.

34. The Officer took the Plaintiff's license and registration and returned to the vehicle from which the Officer had exited. The other officers were all then on the sidewalk and one of the officers, the other white Officer who had been standing behind the white Officer who took the Plaintiff's license and registration, stated that the Plaintiff must be stupid or ignorant to have blown his horn.  The Plaintiff indicated to the officers that, like them, he worked for the City.

35. The Plaintiff was asked by the other white officer, who had been standing behind the officer who had taken the Plaintiff's license, for which agency the Plaintiff worked and he informed the Officers that he worked for HPD.

36. When he stated such, the white officer said, in substance, that he was aware of that agency, that it was the Department of "Housing Perverts". That officer was the white officer who was standing behind the officer who had secured the Plaintiff's license.

37. The Plaintiff, then, raised his window and endeavored, by his cell telephone and unsuccessfully, to reach the last person whom he had just dropped off after the Church services because she was a civilian employee of in the New York City Police Department.

38. Shortly thereafter, the Officer, who had taken the Plaintiff's license and registration, returned to the

5

Plaintiff's vehicle, directed the Plaintiff to hang up the cell phone, and indicated that he was going to be arrested because there was an outstanding warrant, and to get out of the vehicle.

39. The Plaintiff complied with the Officer's direction.

40. The Plaintiff was rear handcuffed, tightly, by the white Officer.

41. When the Plaintiff indicated that he was being too tightly handcuffed, the officer said, in substance, that he was not squeezing the handcuffs, this is squeezing the cuffs.

42. A marked police vehicle was called to the scene and the Plaintiff was placed in the vehicle and transported to the 52nd Precinct on Webster Avenue in the Bronx.

43. When the Plaintiff was escorted into the Precinct, he was lifted in a manner and fashion which caused him to be walking on his toes [as his arms were lifted high, in the rear handcuffed position]. Such intensified the pain which was being inflicted on the Plaintiff because of the tight handcuffing as previously described. When the Plaintiff complained to the escorting Officer about such, the Officer told him to shut the "f--- up, before I knocked your mother f------ ass" but that the Plaintiff was too little for him so just shut the f--- up."

44. At the Precinct, the Plaintiff complained to the Desk Officer about his treatment but to no avail. The Plaintiff was taken to a holding cell where the Plaintiff was informed by the white Officer, who had previously referred to HPD in a derogatory manner and fashion, that there was no outstanding warrant but that he would be issued a Summons. When the Plaintiff asked why he was receiving a Summons, the Officer replied: "For being a jerk".

45. When the Plaintiff received the Summons, the Officer indicated to him that it was a "bull shit" Summons.

46. The Plaintiff was given the Summons in which he was charged with Disorderly conduct for blocking traffic although the Plaintiff was not, in the least bit,

6

disorderly under any definition of the Penal Law and although it was the police who had blocked the Plaintiff from proceeding in his vehicle by their blocking of the roadway where the Plaintiff was compelled to stop and wait.

    47.  The Plaintiff was released from the Precinct on Saturday morning, July 7, 2007 perhaps at or about 1:00 A.M. Thereafter, on Saturday evening, July 7, 2007, the Plaintiff filed a Complaint with the Civilian Complaint Review Board about the officers' conduct as described.

    48.  On Tuesday or thereabouts and because the Plaintiff was feeling numbness in his hand/fingers, the Plaintiff went to Bronx Lebanon Hospital for treatment.

    49.  Subsequently, the Plaintiff went to his own physician to have his wrist and hand checked out because of the continued numbness.

    50.  The Plaintiff appeared in Court on September 18, 2007 per the Summons which he was issued.

    51.  At that time, the Plaintiff was informed that no Summons had been filed with the Court and the Plaintiff was given a document indicating that there was no case.

    52.  The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under and of the law to justify his arrest, the preferral of charges against him, and his prosecution.

    53.  There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

    54.  While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York. Among the Officers involved in the Plaintiff's arrest was Defendant Officer Michael Salcione. It is believed that he is the Officer

who, among other things, issued and signed the Summons which was given to the Plaintiff.

55. There was no probable cause for the arrest of the Plaintiff or for the preferral of charges against the Plaintiff or for the prosecution of the Plaintiff.

56. The Plaintiff was falsely arrested and was subjected to malicious prosecution, the malicious issuance of a Summons, and malicious abuse of criminal process and to excessive, unreasonable and unnecessary force in the form of his handcuffing and to retaliation because of the Plaintiff's exercise of his First Amendment right to express, in a reasonable manner and fashion, displeasure at the lack of courtesy, professionalism and respect [CPR] by the New York City Police Officers from whom he had inquired as to whether he could go by their vehicle [after being foreclosed from doing such by the police vehicle's blockage of the intersection].

57. The actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

58. Such crime offense enforcement initiative propels officers to make arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses.

59. The policy and practices have a disproportionate impact on African Americans who, because of their race, are, often times and for no other reason but the race factor singled out for stops, detentions and arrests and derogatory treatment, based on racial considerations and bias, and discriminatory treatment based on racial factors bias.

60. The Plaintiff was unlawfully stopped and detained, falsely arrested, and subjected to racially discriminatory conduct and subjected to the malicious abuse of criminal process and excessive and unreasonable and unnecessary force [in the form of handcuffing] and to retaliation for the exercise of his First Amendment right to voice, in a courteous, professional, and respectful manner and fashion,

displeasure at the conduct of New York City Police Officers.

62. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

62. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including an unlaw3ful stop and detention, false arrest and imprisonment, malicious abuse of criminal process, and assault and battery [in the form of the handcuffing and the physical actions associated with the taking of the Plaintiff into custody], racial discrimination, and retaliation.

63. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

64. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma and physical pain and suffering.

65. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

66. The Plaintiff has no other viable remedy at law but for the institution of this litigation in order to secure full and complete redress, vindication, and justice.

V.  CAUSES OF ACTION

A.  FIRST CAUSE OF ACTION

67. The Plaintiff reiterates Paragraph #'s 1 through 66 and incorporates such by reference herein.

68. The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and detained in violation of his rights as guaranteed under

the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

69.  The Plaintiff suffered injuries and damages.

### B.  SECOND CAUSE OF ACTION

70.  The Plaintiff reiterates Paragraph #'s 1 through 69 and incorporates such by reference herein.

71.  The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

72.  The Plaintiff suffered injuries and damages.

### C.  THIRD CAUSE OF ACTION

73.  The Plaintiff reiterates Paragraph #'s 1 through 72 and incorporates such by reference herein.

74.  The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

75.  The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

76.  The Plaintiff reiterates Paragraph #'s 1 through 75 and incorporates such by reference herein.

77.  The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

78.  The Plaintiff suffered injuries and damages.

### E.  FIFTH CAUSE OF ACTION

79.  The Plaintiff reiterates Paragraph #'s 1 through 78 and incorporates such by reference herein.

80. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the, First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

81. The Plaintiff suffered injuries and damages.

### F.   SIXTH CAUSE OF ACTION

82. The Plaintiff reiterates Paragraph #'s 1 through 81 and incorporates such by reference herein.

83. The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

84. The Plaintiff suffered injuries and damages.

### G.   SEVENTH CAUSE OF ACTION

85. The Plaintiff reiterates Paragraph #'s 1 through 84 and incorporates such by reference herein.

86. Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat</u> <u>superior</u>.

87. The Plaintiff suffered injuries and damages.

### H.   EIGHTH CAUSE OF ACTION

88. The Plaintiff reiterates Paragraph #'s 1 through 87 and incorporates such by reference herein.

89. The Plaintiff was subjected the treatment described because of his reasonable exercise of his First Amendment right to state to an Officer, in a reasonable manner and fashion, that, in substance, they were not acting in accordance with the policy of the City of New York that Officers are to treat all people in a courteous,

professional and respectful [CPR] manner and fashion. Such violated the Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

    90.   The Plaintiff suffered injuries and damages.

### I. NINTH CAUSE OF ACTION

    91.   The Plaintiff reiterates Paragraph #'s 1 through 90 and incorporates such by reference herein.

    92.   The Plaintiff was subjected to the conduct as described and as a consequence of his reasonable voicing of displeasure of the Officers' conduct in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

    93.   The Plaintiff suffered injuries and damages.

### J. TENTH CAUSE OF ACTION

    94.   The Plaintiff reiterates Paragraph #'s 1 through 93 and incorporates such by reference herein.

    95.   The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

    96.   The Plaintiff suffered injuries and damages.

### K. ELEVENTH CAUSE OF ACTION

    97.   The Plaintiff reiterates Paragraph #'s 1 through 96 and incorporates such by reference herein.

    98.   The Plaintiff was subjected to an assault and battery by the way of his physically being taken into custody and by his handcuffing in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

    99.   The Plaintiff suffered injuries and damages.

### L. TWELFTH CAUSE OF ACTION

100. The Plaintiff reiterates Paragraph #'s 1 through 99 and incorporates such by reference herein.

101. The Plaintiff was subjected to malicious abuse of criminal process in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

102. The Plaintiff suffered injuries and damages.

### M.   THIRTEENTH CAUSE OF ACTION

103. The Plaintiff reiterates Paragraph #'s 1 through 102 and incorporates such by reference herein.

104. The Plaintiff was subjected to malicious abuse of criminal process in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

105. The Plaintiff suffered injuries and damages.

### N.   FOURTEENTH CAUSE OF ACTION

106. The Plaintiff reiterates Paragraph #'s 1 through 105 and incorporates such by reference herein.

107. The Defendant City of New York, if the City represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

108. The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

109. Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

110. The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of respondeat superior.

111. The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a] Invoke pendent party and pendent claim jurisdiction.

    [b] Award appropriate compensatory and punitive damages.

    [c] Award appropriate declaratory and injunctive relief.

    [d] Empanel a jury.

    [e] Award attorney's fees and costs.

    [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
      November, 2007

               Respectfully submitted,

               /s/ James I. Meyerson_____
               JAMES I. MEYERSON [JM 4304]
               64 Fulton Street @ Suite # 502
               New York, New York 10013
               [212] 226-3310
               [212] 513-1006/FAX
               ATTORNEY FOR PLAINTIFF
               BY:_____

CERTIFICATE OF SERVICE

    James I. Meyerson, Esq., attorney for the Plaintiff, certifies that on the 6th day of November, 2007, I did serve a copy of the foregoing First Amended Complaint [as of right] upon counsel for the Defendant City of New York by having such hand delivered to her at her office and post office address as follows: Baree Fett, Esq., Assistant Corporation Counsel, City of New York, Department of Law, Special Federal Litigation Division, 100 Church Street-3rd Floor, New York, New York 10007. In addition, I did serve a copy of the same upon Defendant Michael Salcione by having such delivered to him at his business address as follows: 52nd Precinct, 3016 Webster Avenue, Bronx, New York 10467.

DATED: New York, New York
       November 5, 2007

                                    Respectfully submitted,

                                    /s/James I. Meyerson_____
                                  JAMES I. MEYERSON [JM 4304]
                                  64 Fulton Street @ Suite # 502
                                  New York, New York 10013
                                  [212] 226-3310
                                  [212] 513-10006/FAX
                                  ATTORNEY FOR PLAINTIFF
                                  BY:_____