UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANDRE FARRER,

                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE OFFICER, NEW YORK CITY POLICE OFFICERS "JOHN DOES", all of the identified and non identified persons in its individual and in its official capacities, NEW YORK CITY POLICE OFFICER MICHAEL SALCIONE, in his individual and his official capacities,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT MICHAEL FALCIONE**

07 CV 9305 (DC) (KNF)

**Jury Trial Demanded**

        Defendant Michael Falcione[1], by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, alleges upon information and belief as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff was arrested on July 7, 2007.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to proceed as stated therein.

---

[1] Being sued herein as "Michael Salcione."

-2-

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to proceed as stated therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that defendant City is a municipal entity and maintains a police department and respectfully refers the Court to the New York State Charter.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that defendant Michael Falcione is employed by the City of New York as a police officer.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff was arrested on July 7, 2007.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint, except denies knowledge or information sufficient to form a belief regarding the events that occurred when plaintiff appeared in court.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admit that defendant Falcione was in an unmarked police vehicle at the time of the incident.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff honked his horn repeatedly.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admit that defendant Falcione was not wearing a police issued uniform at the time of the incident.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint..

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff was informed that the New York City Police Department computer indicated he had an open warrant.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint, except admit the plaintiff was handcuffed.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint, except admit that plaintiff was transported to the 52nd Precinct.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint, except admits that the plaintiff was issued a Summons for disorderly conduct.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint, except admits that plaintiff was released from the 52nd Precinct on July 7, 2007.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint, except admit that defendant Falcione lawfully issued a Summons to plaintiff for disorderly conduct.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if more fully set forth herein.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. In response to the allegations set forth in paragraph "70" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if more fully set forth herein.

71. Denies the allegations set forth in paragraphs "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. In response to the allegations set forth in paragraph "73" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if more fully set forth herein.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. In response to paragraph "76" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

79. In response to paragraph "79" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. Denies the allegations set forth in paragraph "81" of the complaint.

82. In response to paragraph "82" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

83. Denies the allegations set forth in paragraph "83" of the complaint.

84. Denies the allegations set forth in paragraph "84" of the complaint.

85. In response to paragraph "85" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. Denies the allegations set forth in paragraph "87" of the complaint.

88. In response to paragraph "88" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

89. Denies the allegations set forth in paragraph "89" of the complaint.

90. Denies the allegations set forth in paragraph "90" of the complaint.

91.     In response to paragraph "91" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

92.     Denies the allegations set forth in paragraph "92" of the complaint.

93.     Denies the allegations set forth in paragraph "93" of the complaint.

94.     In response to paragraph "94" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

95.     Denies the allegations set forth in paragraph "95" of the complaint.

96.     Denies the allegations set forth in paragraph "96" of the complaint.

97.     In response to paragraph "97" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

98.     Denies the allegations set forth in paragraph "98" of the complaint.

99.     Denies the allegations set forth in paragraph "99" of the complaint.

100.    In response to paragraph "100" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

101.    Denies the allegations set forth in paragraph "101" of the complaint.

102. Denies the allegations set forth in paragraph "102" of the complaint.

103. In response to paragraph "103" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

104. Denies the allegations set forth in paragraph "104" of the complaint.

105. Denies the allegations set forth in paragraph "105" of the complaint.

106. In response to paragraph "106" of the complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

107. Denies the allegations set forth in paragraph "107" of the complaint.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the complaint, except admit that defendant Falcione is employed by the City of New York as a police officer.

109. Denies the allegations set forth in paragraph "109" of the complaint.

110. Denies the allegations set forth in paragraph "110" of the complaint.

111. Denies the allegations set forth in paragraph "111" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

112. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

113.    Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and were not the proximate result of any act of the defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

114.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

115.    Plaintiff may not recover punitive damages against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

116.    There was probable cause for plaintiff's arrest.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

117.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant Falcione entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant Falcione is entitled to qualified immunity from liability.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

118.    At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

119.    Plaintiff's claims are barred, in whole or in part, because he failed to comply with conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

120.    Plaintiff may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the state of New York may be barred.

**WHEREFORE**, defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          February 1, 2008

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                             City of New York
                                          *Attorney for Defendants*
                                         *City of New York and Falcione*
                                            100 Church Street
                                        New York, New York  10007
                                             (212) 788-8343

                                       By    /s/_____
                                          Baree N. Fett  (Hassett) (BH9416)
                                          Special Federal Litigation Division

TO:  James I. Meyerson, Esq. (by ECF)
     *Attorney for Plaintiff*
     64 Fulton Street, Suite 502
     New York, New York  10013

## DECLARATION OF SERVICE BY MAIL AND ECF FILING

I, BAREE N. FETT (HASSETT) declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on February 1, 2008, I caused to be served the annexed **ANSWER** upon the following plaintiff, by his attorney, James I. Meyerson, Esq., by ECF filing and by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff's counsel at the address set forth below, being the address designated by said plaintiff for that purpose:

TO:  James I. Meyerson, Esq.
*Attorney for Plaintiff, Andre Farrer*

4 Fulton Street, Suite 502
New York, New York  10013

Dated:   New York, New York
February 1, 2008

/s/
BAREE N. FETT (HASSETT)

-14-

Index No. **07 CV 9305 (DC) (KNF)**

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ANDRE FARRER,<br><br>          Plaintiff,<br><br>     -against-<br><br>THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE OFFICER, NEW YORK CITY POLICE OFFICERS "JOHN DOES", all of the identified and non identified persons in its individual and in its official capacities, NEW YORK CITY POLICE OFFICER MICHAEL SALCIONE, in his individual and his official capacities,<br><br>          Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>Attorney for Defendant<br>100 Church Street<br>New York, N.Y.  10007<br><br>*Of Counsel: Baree N. Fett (Hassett)*<br><br>*Tel:  (212) 788-8343*<br>*NYCLIS No. 2007031767* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.   ........................, 2008 . . .*<br><br>*.......................................................... Esq.*<br><br>*Attorney for ................................................* |